# EXHIBIT C

KG 1996, 158

# Gathering evidence for two proceedings pending in the Netherlands with the help an appeal to a U.S. court in these interlocutory proceedings / obligation imposed by U.S. court to cooperate in 'discovery' (production of documents and cooperation in witness examinations) / claim in interlocutory proceedings to stop 'discovery' dismissed (IPR)

Rb. Utrecht (pres.) 09-04-1996, ECLI:NL:RBUTR:1996:AH5562

| | |
|---|---|
| Authority | Utrecht District Court (President) |
| Date | April 9, 1996 |
| Magistrates | Ships |
| Case number | KG0421212/96 |
| LJN | AH5562 |
| Subject area(s). | Law of obligations (V) |
| Source documents | ECLI:NL:RBUTR:1996:AH5562, Judgment, Utrecht District Court (President), 09-04-1996 |

**Essence**

Gathering evidence for two proceedings pending in the Netherlands by means of appeal to U.S. court in these interlocutory proceedings / obligation imposed by U.S. court to cooperate in 'discovery' (production of documents and cooperation in witness examinations) / in interlocutory proceedings claim to stop 'discovery' dismissed *(IPR)*

**Summary**

In order to gather evidence for two inter partes proceedings pending in the Netherlands, the defendants in these interlocutory proceedings have applied to the U.S. court relying on U.S. 28 USC Section 1782. Pursuant to this article, the U.S. court has obliged the plaintiffs in these summary proceedings to cooperate in "discovery. Thus, they must produce certain documents and cooperate in witness interviews. Plaintiffs, claiming that the defendants acted unlawfully under Dutch law by forcing them to cooperate with the discovery, claimed in summary proceedings an injunction against continuing the discovery. The relief sought in that context is denied.

## Party(ies)

1. Robert John Paluck, of Plano, Texas, United States of America,
2. Convex Computer B.V., in Utrecht,
3. Convex Computer Corp., of Richardson, Texas, United States of America, plaintiffs, proc. mr. B.F.

All (copyright) rights to this document belong to Wolters Kluwer Nederland B.V. or its licensors and are expressly reserved. Text and data mining not permitted. This document was generated on 22.04.2025. For more information about Wolters Kluwer's services, visit www.wolterskluwer.nl.

Cologne, adv. mr. C.R. Bredius of Amsterdam,

at

1. Duizendstraal Holding and Management Company B.V., at Bilthoven, municipality of De Bilt, office at Maarssen,

2. Duizendstraal Consultancy B.V., in Bilthoven, municipality of De Bilt, office located in Maarssen,

3. Geert Duizendstraal, of Nueva Andalusia, Marbella, Spain, defendants, proc. mr. I.M. Jebbink, adv. mr. J.J.H. Joosten of Amsterdam.

**Excerpt**
(Post alia:)

**2**

The established facts

a. Convex Corp is a large American, publicly traded company. It is engaged in the manufacture and sale of computers. Its headquarters is located in Dallas, Texas, and its European (main) office is in London, United Kingdom.

b. Convex BV is a 100% subsidiary of Convex Corp. Convex BV is engaged in sales in the Netherlands and some other countries of the computers produced by Convex Corp.

c. Paluck is the founder and director/director of Convex Corp. Furthermore, from the time of establishment of Convex BV on Dec. 16, 1986 to the present, he is one of the statutory directors of the latter company.

d. Defendant sub 3, further to be referred to as: G. Duizendstraal, was one of the (statutory) directors of Convex BV from its establishment on Dec. 16, 1986 until March 1993.

e. G. Duizendstraal exercised his directorship from Jan. 1, 1988, through defendant sub 2 (Duizendstraal Consultancy BV), which company is held indirectly through Duizendstraal Holding and Management Company BV (defendant sub 1) by G. Duizendstraal.

f. By writ of summons dated March 30, 1994, Convex BV summoned Duizendstraal et al. in (proceedings on the merits) before this court. In these (proceedings on the merits) Convex BV claimed from Duizendstraal et al. an amount of more than Fl. 5 000 000 in damages for improper performance of duties pursuant to Art. 2:9 Civil Code on the grounds of liability of G. Duizendstraal as former managing director of Convex BV.

g. Duizendstraal et al. dispute the assertions of Convex BV. In so far as it would be established in court that said statements are indeed correct, they cannot lead to their liability, according to Duizendstraal et al. Furthermore, in case they would nevertheless be ordered to pay any damages, they have raised an indemnification case in the proceedings on the merits, in order to be able to hold three former co-directors of Convex BV - including Paluck - harmless. By an incidental judgment of this court on April 26, 1995, this indemnification was allowed and the case was referred to the roll for further proceedings in the main proceedings. Duizendstraal et al. subsequently raised a second indemnification incident in order to obtain a fourth former co-director of Convex BV to be able to claim indemnification. By incidental judgment of Oct. 18, 1995, this court denied this request. Duizendstraal et al. appealed against this second incidental judgment. Duizendstraal et al. have until

All (copyright) rights to this document belong to Wolters Kluwer Nederland B.V. or its licensors and are expressly reserved. Text and data mining not permitted. This document was generated on 22.04.2025. For more information about Wolters Kluwer's services, visit www.wolterskluwer.nl.

today in the main issue has not yet been served with a reply.

h.  Duizendstraal et al. filed an application on Dec. 14, 1995, with the District Court for the Northern District of Texas in the United States requesting, in connection with the proceedings on the merits pending in the Netherlands and the pending indemnification proceedings against Paluck, pursuant to Article 28 USC, 1782, to compel Convex Corp and Paluck to produce certain documents (pre-trial discovery of documents) and to cooperate in so-called 'depositions' (a kind of preliminary examination of witnesses). On Dec. 20, 1995, the aforementioned District Court granted the request of Thousand Ray et al. and ordered Convex Corp and Paluck to produce the requested documents and to cooperate in the depositions.

i.  Convex Corp and Paluck applied to the U.S. District Court on Jan. 29, 1996, requesting that a so-called protective order be issued against the (permitted) request of Thousand Ray et al. referred to in (h) above. On March 4, 1996, after Thousand Ray et al. had responded in writing to the request of Convex Corp and Paluck, and Convex Corp and Paluck had subsequently responded to it again and after oral argument had been held, rejected the request of Convex Corp and Paluck and again ordered them to produce the documents and cooperate with the depositions. This decision was appealed by Convex Corp and Paluck on March 15, 1996.

**3**

The dispute

**3.1**

Convex seeks, in essence, to enjoin Thousand Ray et al. on forfeiture of a penalty payment:

- to refrain from making any use, however and to anyone, of the orders issued by the District Court for the Northern District of Texas, on Dec. 20, 1995, and on March 4, 1996, pursuant to section 28 USC 1782 against Paluck and Convex Corp;

- within 48 hours, after service of the judgment to be entered in this case, in the manner prescribed or approved for that purpose by the laws of the State of Texas, give written notice to the District Court for the Northern District of Texas, that the application for the issuance of a Court order pursuant to section 28 USC 1782 of Dec. 14, 1995, is withdrawn, and with an order that within two weeks after said service a satisfactory and authentic certificate from said District Court be produced to Convex showing that said order has been complied with.

- to refrain from gathering evidence through proceedings under 28 USC 1782 in connection with the proceedings pending before this court under Roll No. 31109 HA ZA 94-905 between Convex BV and Duizendstraal c.s. and the proceedings pending before this court under Roll No. 49207/HA ZA 95-1892 between Thousand Ray et al. and Paluck pending proceedings.

**3.2**

Convex bases its claim on the fact that Duizendstraal et al., by submitting the request for the hearing of witnesses and for the granting of the 'discovery' to the U.S. court, without observing the forms of the applicable Dutch procedural law, and by executing the granted Court Order of the said court pursuant to Art. 28 USC 1782, acted unlawfully and in violation of the general principles of Dutch (procedural) law towards her, as a result of which she, Convex, seriously harmed

All (copyright) rights to this document belong to Wolters Kluwer Nederland B.V. or its licensors and are expressly reserved. Text and data mining not permitted. This document was generated on 22.04.2025. For more information about Wolters Kluwer's services, visit www.wolterskluwer.nl.

threatens to suffer.

**3.3**

Duizendstraal et al. plead rejection of the claim. For this purpose they argued that by using their rights to gather evidence, they did not act unlawfully under American law nor under Dutch law. If this would be the case, according to Duizendstraal et al. summary proceedings are not the appropriate way to act against this at this moment. Duizendstraal et al. argue that first the American court will have to look into this matter and later the Dutch court on the merits.

**4**

The assessment of the dispute

**4.1**

It should be noted that the main action and indemnification case pending before this court between the parties is subject to Dutch civil procedural law. In those proceedings the taking of evidence and the assessment of the probative value will therefore take place according to Dutch law. Dutch law does not have a closed but an open system of evidence. After all, evidence can, according to the provisions of art.
179 Rv, be delivered by any means, unless the law provides otherwise.

**4.2**

Furthermore, the starting point in Dutch civil procedural law is that, in principle, the parties themselves (whether or not prior to proceedings) gather the evidence necessary to support their arguments. Parties can call upon the (Dutch) court to do so. However, they are free to gather evidence informally. For example, they can try to get possible witnesses to put their statements in writing, take photographs to record a situation, and have experts draw up reports. Furthermore, they can try to get their hands on relevant documents. After all, if they want to be able to rely on written documents in proceedings, they will have to produce them pursuant to art.
147 Rv.

**4.3**

Duizendstraal et al. took an "informal judicial path" and applied to the District Court for the Northern District of Texas in the United States, under 28 USC 1782, to compel Convex Corp and Paluck to produce certain documents (pre-trial discovery of documents) and to cooperate in so-called "depositions" (a type of preliminary examination of witnesses).

The purpose of the possibility of gathering evidence provided in the aforementioned Art. 1782 is to provide foreigners, who are involved in proceedings outside America with a foreign counterparty, with evidence against the American counterparty. This possibility is open without the intervention of the Dutch court.

**4.4**

Convex argues that Thousand Ray et al. although they do not dispute the applicability of Dutch procedural law,

All (copyright) rights to this document belong to Wolters Kluwer Nederland B.V. or its licensors and are expressly reserved. Text and data mining not permitted. This document was generated on 22.04.2025. For more information about Wolters Kluwer's services, visit www.wolterskluwer.nl.

expressly did not want to use the means available to them under applicable Dutch procedural law. They could, Convex argues, have initiated a preliminary witness examination or requested a letter rogatory. Convex contends that Duizendstraal et al., by bringing her raucously to court in the United States by filing the petition referred to in section 2(h), which was decided upon without a preliminary hearing, apparently deliberately sought to frustrate the opposing party's right to be heard on such a request applicable here in the country. By acting as they, Duizendstraal et al. have done, Convex claims, they have deliberately violated one of the fundamental principles of Dutch procedural law, the right to be heard.

**4.5**

This basis cannot support Convex's claim. As also follows from the above, it is in principle not unlawful to gather evidence by virtue of the informal judicial path chosen by Duizendstraal et al. It is one of the possibilities open to someone who wants to gather evidence abroad for the purpose of proceedings in the Netherlands. However, the result of this form of gathering evidence, as far as it concerns statements of witnesses made within the framework of depositions, does not constitute witness evidence under Dutch law but, if put in writing, written evidence, because in this case the Dutch court is not involved in this gathering of evidence.

**4.6**

The declaration made by the Netherlands within the framework of article 23 of the Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (Trb. 1979, 38) also to be called the Hague Evidence Convention, does not oppose the use of this plea chosen by Duizendstraal et al. It appears from the legislative history relating to the approval of the aforementioned Convention that this statement was made primarily because Dutch law does not know the figure of pre-trial and any letters rogatory from an English or American state to hold a pre-trial in the Netherlands could not be honored. It is not clear from the legislative history that the Dutch legislator considers such a taking of evidence to be in conflict with fundamental principles of Dutch procedural law.

**4.7**

Art. 28 USC 1782 focuses on truth-seeking. The pursuit of the truth also underlies Dutch procedural law. In these preliminary relief proceedings it has not become plausible that the means employed by Duizendstraal et al. are used for purposes other than those for which they are intended. Duizendstraal
c.s. wish to obtain information/documents about matters to which they, as managing director/director of Convex BV, were entitled, or at least had a direct interest in, and which are now no longer at their disposal. Whether Duizendstraal et al. would unnecessarily inflict high costs on Convex by starting witness hearings in the United States is difficult to judge in these preliminary relief proceedings. For the time being, these proceedings have not shown any intention on the part of Duizendstraal et al. to disadvantage Convex financially. Should it appear in due course that this is not the case, this could possibly give rise to damages. However, it is an established fact that Convex is to date unwilling to voluntarily provide them with the documents requested by Duizendstraal et al. Furthermore, the information requested by Duizendstraal et al. is linked to the matters that are at issue in the proceedings on the merits before the Dutch court, so that for the time being it cannot be assumed that the pre-trial in this case should be regarded as an endless and endless expedition.

**4.8**

Thousand Ray et al. have made it sufficiently plausible in this litigation that Paluck and Convex Corp had over

All (copyright) rights to this document belong to Wolters Kluwer Nederland B.V. or its licensors and are expressly reserved. Text and data mining not permitted. This document was generated on 22.04.2025. For more information about Wolters Kluwer's services, visit www.wolterskluwer.nl.

have information/documents that are not available at Convex BV. It is undisputed that Duizendstraal c.s. worked from the Netherlands and that letters from the co-directors in London to the co-directors in Texas were kept in Texas, while all E-mail traffic went through the computer of the head office in Texas. Furthermore, it is impossible to see that any preliminary witness examination in the Netherlands, for the witnesses residing in America, would be less costly.

**4.9**

Convex further argued that Duizendstraal et al. misused (procedural) power by ignoring the possibilities of the applicable Dutch procedural law and, as far as the "pre-trial discovery of documents" is concerned, going beyond it and directly relying on Article 28 USC § 1782. Nor can this basis support Convex's claim. Dutch law, too, has ways of ensuring, through the involvement of the court, that an opposing party or third party complies with its duty of disclosure in certain cases (arts. 839, 843a and 843b Rv). Furthermore, there is the possibility of requesting disclosure of the books pursuant to art. 8K. The fact that Dutch procedural law has no figure corresponding to a pre-trial does not mean that such a figure would violate fundamental rules of Dutch procedural law.

**4.10**

For the time being it has not appeared that the judge on the merits, now that Dutch procedural law does not recognize 'discovery of documents', will have to set aside any evidence thus gathered by Duizendstraal et al. because Duizendstraal et al. would have violated fundamental principles of Dutch procedural law by doing so or by doing so and they would have obtained the evidence thus obtained unlawfully.

**4.11**

In so far as Paluck derives an interest from the statement in the writ of summons that he can be forced by the discovery to cooperate in a witness examination in accordance with the American Federal Rules of Civil Procedure, setting aside the safeguards for the protection of due process, as included in the Dutch Code of Civil Procedure, it is unclear to which safeguards he is referring exactly. In the Netherlands, pursuant to the provisions of art. 199 paragraph 2 Rv, it is not possible to take a party, who is heard as a witness, hostage. In so far as this would be different in the United States and there would be a violation of the aforementioned article, that fact alone is not sufficient to justify a total ban as claimed by Convex in this lawsuit. It is therefore suggested to the parties that they make it known to the U.S. court that hostage-taking under Dutch law is not permitted with respect to Paluck and other persons who are party witnesses under Dutch law. Further, the subject matter of the deposition is sufficiently defined so that Paluck may object to certain questions during the deposition and apply to the U.S. court.

**4.12**

Furthermore, Paluck is free to invoke the rights of privilege (privileges) granted to him by U.S. law. In addition, given the provisions of art. 1782 USC, he may invoke Dutch privilege rights. It is not plausible that the safeguards for a party-witness (with the exception of art. 199 paragraph 2 Rv) are more limited than in the Netherlands and would not be honored by the American court.

All (copyright) rights to this document belong to Wolters Kluwer Nederland B.V. or its licensors and are expressly reserved. Text and data mining not permitted. This document was generated on 22.04.2025. For more information about Wolters Kluwer's services, visit www.wolterskluwer.nl.

Page /76

**4.13**

Insofar as Convex's objection is directed against the method of interrogation in America, it should be noted that also in the case of a (letter rogatory) commission requested by the Dutch court, the interrogation takes place according to American law. In principle, such interrogation takes place by a lawyer/attorneys in the presence of a court reporter appointed for that purpose, unless a special form (e.g. interrogation by the judge) is prescribed. This is an indication that the American method of interrogation, in which the use of so-called 'cross examination' and 'leading questions' is also possible, does not necessarily conflict with fundamental rules of Dutch procedural law.

**4.14**

Convex has also argued that by abusing the American methods of gathering evidence, without observing the Dutch procedural rules, where the same methods of gathering evidence are not available to it, Convex, Duizendstraal et al. aim to gain a disproportionate procedural advantage and that they therefore act in violation of the equality principle. This contention of Convex is also rejected, and this already on the ground that it has not stated what information it wishes to obtain from Duizendstraal et al.

**4.15**

Nor otherwise have such facts and circumstances become plausible that the actions of Duizendstaal et al. would otherwise render them unlawful towards Convex.

**4.16**

The foregoing leads to the conclusion that the relief requested by Convex should be denied.

Convex, as the unsuccessful party, will be to pay the costs of these proceedings.

**5**

The Decision

The :

Refuses the requested facilities.

Order Convex to pay the costs of these proceedings, assessed up to the present judgment at NLG 1,500 for their attorney's fees and NLG 330 for disbursements.

Declares this order for costs enforceable. (Appeal lodged; ed.)

All (copyright) rights to this document belong to Wolters Kluwer Nederland B.V. or its licensors and are expressly reserved. Text and data mining not permitted. This document was generated on 22.04.2025. For more information about Wolters Kluwer's services, visit www.wolterskluwer.nl.

Page /77

KG 1996, 158

# Bewijsvergaring voor twee in Nederland aanhangige procedures met behulp van beroep op Amerikaanse rechter in dit kort geding / verplichting opgelegd door Amerikaanse rechter mee te werken aan 'discovery' (overlegging documenten en medewerking aan getuigenverhoren) / in kort geding vordering tot stopzetting 'discovery' afgewezen (IPR)

Rb. Utrecht (pres.) 09-04-1996, ECLI:NL:RBUTR:1996:AH5562

| | |
|---|---|
| Instantie | Rechtbank Utrecht (President) |
| Datum | 9 april 1996 |
| Magistraten | Schepen |
| Zaaknummer | KG0421212/96 |
| LJN | AH5562 |
| Vakgebied(en) | Verbintenissenrecht (V) |
| Brondocumenten | ECLI:NL:RBUTR:1996:AH5562, Uitspraak, Rechtbank Utrecht (President), 09-04-1996 |

## Essentie

Bewijsvergaring voor twee in Nederland aanhangige procedures met behulp van beroep op Amerikaanse rechter in dit kort geding / verplichting opgelegd door Amerikaanse rechter mee te werken aan 'discovery' (overlegging documenten en medewerking aan getuigenverhoren) / in kort geding vordering tot stopzetting 'discovery' afgewezen *(IPR)*

## Samenvatting

Om bewijs te vergaren voor twee in Nederland aanhangige procedures tussen partijen hebben gedaagden in dit kort geding zich tot de Amerikaanse rechter gewend met een beroep op het Amerikaanse art. 28 USC par. 1782. Op grond van dit artikel heeft de Amerikaanse rechter eisers in dit kort geding verplicht mee te werken aan 'discovery'. Aldus dienen zij bepaalde documenten over te leggen en aan getuigenverhoren mee te werken. Eisers, stellende dat gedaagden naar Nederlands recht onrechtmatig handelden door hen te dwingen aan de 'discovery' mee te werken, vorderden in kort geding een verbod op het doorzetten van de 'discovery'. De in dat kader gevraagde voorzieningen worden afgewezen.

## Partij(en)

1. Robert John Paluck, te Plano, Texas, Verenigde Staten van Amerika,

2. Convex Computer B.V., te Utrecht,

3. Convex Computer Corp., te Richardson, Texas, Verenigde Staten van Amerika, eisers, proc. mr. B.F.

Alle (auteurs-)rechten op dit document berusten bij Wolters Kluwer Nederland B.V. of haar licentiegevers en worden uitdrukkelijk voorbehouden. Tekst- en datamining niet toegestaan. Dit document is gegenereerd op 22.04.2025. Kijk voor meer informatie over de diensten van Wolters Kluwer op www.wolterskluwer.nl.

Keulen, adv. mr. C.R. Bredius te Amsterdam,

tegen

1. Duizendstraal Holding- en Managementmaatschappij B.V., te Bilthoven, gemeente De Bilt, kantoorhoudende te Maarssen,

2. Duizendstraal Consultancy B.V., te Bilthoven, gemeente De Bilt, kantoorhoudende te Maarssen,

3. Geert Duizendstraal, te Nueva Andalusia, Marbella, Spanje, gedaagden, proc. mr. I.M. Jebbink, adv. mr. J.J.H. Joosten te Amsterdam.

**Uitspraak**
(Post alia:)


**2**

De vaststaande feiten

a. Convex Corp is een grote Amerikaanse, beursgenoteerde onderneming. Zij houdt zich bezig met de fabricage en verkoop van computers. Haar hoofdkantoor is gevestigd in Dallas, Texas, en haar Europese (hoofd)kantoor is in Londen (Verenigd Koninkrijk), gevestigd.

b. Convex BV is een 100% dochter van Convex Corp. Convex BV houdt zich bezig met de verkoop in Nederland en enkele andere landen van de door Convex Corp geproduceerde computers.

c. Paluck is de oprichter en bestuurder/directeur van Convex Corp. Verder is hij, vanaf het moment van oprichting van Convex BV op 16 dec. 1986 tot op heden, één van de statutaire bestuurders van laatstgenoemde vennootschap.

d. Gedaagde sub 3, verder te noemen: G. Duizendstraal, was vanaf de oprichting op 16 dec. 1986 tot maart 1993 één van de (statutaire) bestuurders van Convex BV.

e. G. Duizendstraal heeft zijn bestuurderschap vanaf 1 jan. 1988 uitgeoefend door middel van gedaagde sub 2 (Duizendstraal Consultancy BV), welke vennootschap indirect door middel van Duizendstraal Holding- en Managementmaatschappij BV (gedaagde sub 1) door G. Duizendstraal gehouden wordt.

f. Bij exploit van dagvaarding van 30 maart 1994 heeft Convex BV Duizendstraal c.s. gedagvaard in een (bodem)procedure bij deze rechtbank. In deze (bodem)procedure vordert Convex BV van Duizendstraal c.s. een bedrag van meer dan ƒ 5 000 000 aan schadevergoeding wegens onbehoorlijke taakvervulling ingevolge art. 2:9 BW op grond van aansprakelijkheid van G. Duizendstraal als voormalig bestuurder van Convex BV.

g. Duizendstraal c.s. betwisten de stellingen van Convex BV. Voorzover in rechte zou komen vast te staan dat genoemde stellingen wel juist zijn, dan kunnen deze, aldus Duizendstraal c.s., niet leiden tot hun aansprakelijkheid. Verder hebben zij, voor het geval zij toch tot betaling van enige schadevergoeding veroordeeld zouden worden, in de bodemprocedure een vrijwaringsincident opgeworpen, teneinde een drietal voormalige medebestuurders van Convex BV - waaronder Paluck - in vrijwaring te kunnen oproepen. Bij incidenteel vonnis van deze rechtbank van 26 april 1995 is deze vrijwaring toegestaan en is de zaak voor voortprocederen in de hoofdzaak naar de rol verwezen. Duizendstraal c.s. hebben vervolgens een tweede vrijwaringsincident opgeworpen om te bewerkstelligen een vierde ex-medebestuurder van Convex BV in vrijwaring op te kunnen roepen. Bij incidenteel vonnis van 18 okt. 1995 heeft deze rechtbank dit verzoek afgewezen. Tegen dit tweede incidentele vonnis hebben Duizendstraal c.s. hoger beroep ingesteld. Duizendstraal c.s. hebben tot op

Alle (auteurs-)rechten op dit document berusten bij Wolters Kluwer Nederland B.V. of haar licentiegevers en worden uitdrukkelijk voorbehouden. Tekst- en datamining niet toegestaan. Dit document is gegenereerd op 22.04.2025. Kijk voor meer informatie over de diensten van Wolters Kluwer op www.wolterskluwer.nl.

heden in de hoofdzaak nog niet van antwoord gediend.

h.  Duizendstraal c.s. hebben op 14 dec. 1995 een verzoekschrift ingediend bij de District Court for the Northern District of Texas in de Verenigde Staten met het verzoek om, in verband met de in Nederland aanhangige bodemprocedure en de aanhangige vrijwaringsprocedure tegen Paluck, krachtens art. 28 USC, 1782, Convex Corp en Paluck te verplichten bepaalde documenten over te leggen (pre-trial discovery of documents) en mee te werken aan zogenoemde 'depositions' (een soort voorlopig getuigenverhoor). Op 20 dec. 1995 heeft voormeld District Court het verzoek van Duizendstraal c.s. ingewilligd en Convex Corp en Paluck bevolen de gevraagde documenten over te leggen en mee te werken aan de depositions.

i.  Convex Corp en Paluck hebben zich op 29 jan. 1996 tot de Amerikaanse rechter gewend en verzocht een zogenoemde 'protective order' uit te vaardigen tegen het onder h genoemde (toegestane) verzoek van Duizendstraal c.s. De Amerikaanse rechter heeft op 4 maart 1996, nadat Duizendstraal c.s. schriftelijk hadden gereageerd op het verzoek van Convex Corp en Paluck, en Convex Corp en Paluck vervolgens hierop weer hadden gereageerd en na gehouden pleidooi, het verzoek van Convex Corp en Paluck afgewezen en hen nogmaals bevolen de documenten over te leggen en mee te werken aan de depositions. Tegen deze beslissing hebben Convex Corp en Paluck op 15 maart 1996 hoger beroep ingesteld.

**3**

Het geschil

**3.1**

Convex vordert, zakelijk weergegeven, Duizendstraal c.s. op verbeurte van een dwangsom te bevelen:

- om zich te onthouden van ieder gebruik, hoe en tegenover wie dan ook, van de door het District Court for the Northern District of Texas, op 20 dec. 1995 en op 4 maart 1996 krachtens art. 28 USC 1782 tegen Paluck en Convex Corp gegeven orders;

- binnen 48 uur, na de betekening van het in deze zaak te wijzen vonnis, op de daartoe door het recht van de staat Texas voorgeschreven of goed bevonden, aan het District Court for the Northern District of Texas, schriftelijk mededeling te doen dat het verzoek om de uitvaardiging van een Court order krachtens art. 28 USC 1782 van 14 dec. 1995 wordt ingetrokken, en met bevel binnen twee weken na voornoemde betekening een genoegzame en authentieke verklaring van voormeld District Court aan Convex over te leggen waaruit blijkt dat aan voormeld bevel gevolg is gegeven.

- om zich te onthouden van het vergaren van bewijs door middel van een procedure krachtens art. 28 USC 1782 in verband met de bij deze rechtbank onder rolnr. 31109 HA ZA 94-905 tussen Convex BV en Duizendstraal c.s. aanhangige procedure en de bij deze rechtbank onder rolnr. 49207/HA ZA 95-1892 tussen Duizendstraal c.s. en Paluck aanhangige procedure.

**3.2**

Convex legt aan haar vordering ten grondslag dat Duizendstraal c.s., door het verzoek tot het horen van getuigen en tot het verlenen van de 'discovery' bij de Amerikaanse rechter in te dienen, zonder de vormen van het toepasselijke Nederlandse procesrecht in acht te nemen, en aan de verleende Court Order van genoemde rechter krachtens art. 28 USC 1782 uitvoering te geven, onrechtmatig en in strijd met de algemene beginselen van het Nederlands (proces)recht jegens haar handelen, ten gevolge waarvan zij, Convex, ernstig schade

Alle (auteurs-)rechten op dit document berusten bij Wolters Kluwer Nederland B.V. of haar licentiegevers en worden uitdrukkelijk voorbehouden. Tekst- en datamining niet toegestaan. Dit document is gegenereerd op 22.04.2025. Kijk voor meer informatie over de diensten van Wolters Kluwer op www.wolterskluwer.nl.

dreigt te lijden.

**3.3**

Duizendstraal c.s. bepleiten afwijzing van de vordering. Zij hebben daartoe aangevoerd dat zij, door gebruik te maken van hun rechten om bewijs te vergaren, noch naar Amerikaans recht noch naar Nederlands recht onrechtmatig handelen. Zo hier wel sprake van zou zijn, dan is, aldus Duizendstraal c.s., een kort geding niet de geëigende weg om daartegen op dit moment op te treden. Duizendstraal c.s. stellen dat eerst de Amerikaanse rechter zich over deze kwestie zal moeten buigen en later de Nederlandse bodemrechter.

**4**

De beoordeling van het geschil

**4.1**

Vooropgesteld wordt dat de bij deze rechtbank tussen partijen aanhangige hoofdzaak en vrijwaringszaak aan Nederlands burgerlijk procesrecht is onderworpen. In die procedures zal de bewijslevering en de beoordeling van de bewijskracht derhalve naar Nederlands recht plaatsvinden. Daarbij geldt dat het Nederlands recht geen gesloten maar een open systeem aan bewijsmiddelen kent. Bewijs kan immers, blijkens het bepaalde in art. 179 Rv, geleverd worden door alle middelen, tenzij de wet anders bepaalt.

**4.2**

Voorts is uitgangspunt in het Nederlands burgerlijk procesrecht dat partijen in beginsel zelf (al dan niet voorafgaand aan een procedure) het bewijsmateriaal vergaren, dat nodig is ter staving van hun stellingen. Partijen kunnen daarbij de (Nederlandse) rechter inschakelen. Zij hebben echter de vrijheid op informele wijze bewijs te vergaren. Zo kunnen zij trachten mogelijke getuigen te bewegen hun verklaringen op schrift te stellen, foto's nemen om een situatie vast te leggen, en deskundigen rapporten op laten stellen. Voorts kunnen zij proberen de hand te leggen op relevante documenten. Immers willen zij zich in een procedure op schriftelijke documenten kunnen beroepen dan zullen zij deze op grond van art. 147 Rv dienen over te leggen.

**4.3**

Duizendstraal c.s. hebben een 'informele gerechtelijke weg' bewandeld en aan de District Court for the Northern District of Texas in de Verenigde Staten verzocht, krachtens art. 28 USC 1782, Convex Corp en Paluck te verplichten bepaalde documenten over te leggen (pre-trial discovery of documents) en mee te werken aan zogenoemde 'depositions' (een soort voorlopig getuigenverhoor).

De in het voormelde art. 1782 voorziene mogelijkheid van bewijsgaring heeft ten doel buitenlanders, die buiten Amerika in een procedure zijn gewikkeld met een buitenlandse wederpartij, bewijsmateriaal te verschaffen tegen de Amerikaanse wederpartij. Deze mogelijkheid staat open zonder tussenkomst van de Nederlandse rechter.

**4.4**

Convex stelt dat Duizendstraal c.s., hoewel zij de toepasselijkheid van Nederlands procesrecht niet betwisten,

Alle (auteurs-)rechten op dit document berusten bij Wolters Kluwer Nederland B.V. of haar licentiegevers en worden uitdrukkelijk voorbehouden. Tekst- en datamining niet toegestaan. Dit document is gegenereerd op 22.04.2025. Kijk voor meer informatie over de diensten van Wolters Kluwer op www.wolterskluwer.nl.

uitdrukkelijk geen gebruik hebben willen maken van de middelen die het toepasselijke Nederlandse procesrecht hun biedt. Zij hadden, aldus Convex, een voorlopig getuigenverhoor kunnen entameren of een rogatoire commissie kunnen verzoeken. Convex stelt dat Duizendstraal c.s., door haar rauwelijks in de Verenigde Staten in rechte te betrekken door middel van indiening van het in onderdeel 2 onder h genoemde verzoekschrift, waarop is beschikt zonder dat zij vóóraf is gehoord, kennelijk opzettelijk hebben geprobeerd om het hier ten lande geldende recht van de wederpartij om op een dergelijk verzoek te worden gehoord te frustreren. Door te handelen zoals zij, Duizendstraal c.s., hebben gedaan hebben zij, aldus Convex, opzettelijk één van de grondbeginselen van het Nederlands procesrecht, het recht van hoor- en wederhoor geschonden.

### 4.5

Deze grondslag kan de vordering van Convex niet dragen. Zoals mede uit het voorgaande volgt is het in beginsel niet onrechtmatig om bewijsmiddelen te vergaren krachtens de door Duizendstraal c.s. gekozen informele gerechtelijke weg. Het is één van de mogelijkheden die openstaan indien iemand bewijs in het buitenland wil vergaren ten behoeve van een procedure in Nederland. Het resultaat van deze vorm van bewijsgaring levert echter, voor zover het verklaringen van getuigen betreft afgelegd in het kader van depositions, geen getuigenbewijs op naar Nederlands recht maar, mits op schrift gesteld, schriftelijk bewijs, omdat in dit geval de Nederlandse rechter bij die bewijsgaring niet betrokken is.

### 4.6

De door Nederland afgelegde verklaring in het kader van art. 23 van het Verdrag inzake de verkrijging van bewijs in het buitenland in burgerlijke en in handelszaken (Trb. 1979, 38) ook te noemen het Haags Bewijsverdrag, verzet zich niet tegen de hantering van dit door Duizendstraal c.s. gekozen middel. Uit de wetsgeschiedenis met betrekking tot de goedkeuring van voormeld Verdrag komt naar voren dat die verklaring primair is afgelegd omdat het Nederlandse recht de figuur van pre-trial niet kent en eventuele rogatoire verzoeken van een Engelse of Amerikaanse staat tot het houden van een pre-trial in Nederland niet zouden kunnen worden gehonoreerd. Uit de wetsgeschiedenis blijkt niet dat de Nederlandse wetgever een dergelijke bewijsgaring in strijd acht met fundamentele beginselen van Nederlands procesrecht.

### 4.7

Art. 28 USC 1782 is gericht op waarheidsvinding. Het streven van waarheidsvinding ligt ook ten grondslag aan het Nederlandse procesrecht. In dit kort geding is niet aannemelijk geworden dat het door Duizendstraal c.s. aangewende middel wordt gehanteerd voor andere doeleinden dan waarvoor het is bestemd. Duizendstraal c.s. wensen informatie/bescheiden te verkrijgen over zaken waarop zij, als bestuurder/directeur van Convex BV, recht hadden, althans rechtstreeks belang, en waarover zij thans de beschikking niet meer hebben. Of Duizendstraal c.s. door getuigenverhoren in de Verenigde Staten te entameren Convex onnodig op hoge kosten jagen, valt in dit kort geding moeilijk te beoordelen. Voorshands is in dit geding niet gebleken van opzet van de zijde van Duizendstraal c.s. om Convex financieel te benadelen. Indien te zijner tijd zou blijken dat dit anders ligt, dan kan zulks wellicht aanleiding geven voor schadevergoeding. Vast staat echter dat Convex tot op heden niet bereid is de door Duizendstraal c.s. gevraagde bescheiden op vrijwillige wijze aan hen te verschaffen. De door Duizendstraal c.s. gevraagde informatie is voorts gekoppeld aan de zaken die in de bodemprocedure voor de Nederlandse rechter aan de orde zijn, zodat voorshands niet kan worden aangenomen dat de pre-trial in casu als een eindeloze en oeverloze expeditie dient te worden beschouwd.

### 4.8

Duizendstraal c.s. hebben in dit geding voldoende aannemelijk gemaakt dat Paluck en Convex Corp over

Alle (auteurs-)rechten op dit document berusten bij Wolters Kluwer Nederland B.V. of haar licentiegevers en worden uitdrukkelijk voorbehouden. Tekst- en datamining niet toegestaan. Dit document is gegenereerd op 22.04.2025. Kijk voor meer informatie over de diensten van Wolters Kluwer op www.wolterskluwer.nl.

Page 5/7

informatie/bescheiden beschikken die niet beschikbaar is bij Convex BV. Als onweersproken staat vast dat Duizendstraal c.s. werkten vanuit Nederland en dat brieven van de medebestuurders in Londen aan de medebestuurders in Texas werden bewaard in Texas, terwijl al het E-mail verkeer via de computer van het hoofdkantoor in Texas ging. Voorts valt niet in te zien dat een eventueel voorlopig getuigenverhoor in Nederland, voor de getuigen die in Amerika woonachtig zijn, minder kostbaar zou zijn.

**4.9**

Convex heeft voorts gesteld dat Duizendstraal c.s. misbruik maakt van (processuele) bevoegdheid, door de mogelijkheden van het toepasselijke Nederlandse procesrecht te negeren en, voor wat betreft de 'pre-trial discovery of documents', daarbuiten te treden en rechtstreeks een beroep te doen op art. 28 USC § 1782. Deze grondslag kan de vordering van Convex evenmin dragen. Ook het Nederlandse recht kent mogelijkheden om door inschakeling van de rechter te bewerkstelligen dat een wederpartij of derde in bepaalde gevallen zijn exhibitieplicht nakomt (art. 839, 843a en 843b Rv). Verder bestaat de mogelijkheid om op grond van art. 8K openlegging van de boeken te vragen. Het feit dat het Nederlandse procesrecht geen figuur kent die met een pre-trial overeenkomt, betekent niet dat een dergelijke figuur zou indruisen tegen fundamentele regels van Nederlands procesrecht.

**4.10**

Voorshands is niet gebleken dat de bodemrechter, nu het Nederlandse procesrecht geen 'discovery of documents' kent, het aldus door Duizendstraal c.s. eventueel vergaarde bewijs terzijde zal moeten leggen omdat Duizendstraal c.s. daarmee of daarbij fundamentele beginselen van Nederlands procesrecht zouden hebben geschonden en zij het aldus verkregen bewijs onrechtmatig zouden hebben verkregen.

**4.11**

Voor zover Paluck een belang ontleent aan de in het exploit van dagvaarding opgenomen stelling dat hij door de discovery gedwongen kan worden mee te werken aan een getuigenverhoor volgens de Amerikaanse Federal Rules of Civil Procedure, met terzijde stelling van de waarborgen ter bescherming van een goede procesorde, zoals opgenomen in het Nederlandse Wetboek van Rechtsvordering, dan is onduidelijk op welke waarborgen hij precies doelt. In Nederland is het, krachtens het bepaalde in art. 199 lid 2 Rv niet mogelijk een partij, die als getuige wordt gehoord, in gijzeling te stellen. Voor zover zulks in de Verenigde Staten anders zou zijn en er sprake zou zijn van strijd met voormeld artikel, dan is dat enkele feit niet voldoende om een algeheel verbod als door Convex in dit geding gevorderd te rechtvaardigen. Aan partijen wordt derhalve in overweging gegeven aan de Amerikaanse rechter kenbaar te maken dat gijzeling naar Nederlands recht niet is toegestaan ten aanzien van Paluck en andere personen die naar Nederlands recht partijgetuigen zijn. Verder is het onderwerp van de deposition voldoende bepaald, zodat Paluck tijdens de deposition bezwaar kan maken tegen bepaalde vragen en zich tot de Amerikaanse rechter kan wenden.

**4.12**

Voorts staat het Paluck vrij een beroep te doen op de verschoningsrechten (privileges) die de Amerikaanse wet hem toekent. Daarnaast kan hij, gelet op het bepaalde in art. 1782 USC een beroep doen op de Nederlandse verschoningsrechten. Niet aannemelijk is dat de waarborgen voor een partij-getuige (uitgezonderd art. 199 lid 2 Rv) beperkter zijn dan in Nederland en door de Amerikaanse rechter niet zouden worden gehonoreerd.

Alle (auteurs-)rechten op dit document berusten bij Wolters Kluwer Nederland B.V. of haar licentiegevers en worden uitdrukkelijk voorbehouden. Tekst- en datamining niet toegestaan. Dit document is gegenereerd op 22.04.2025. Kijk voor meer informatie over de diensten van Wolters Kluwer op www.wolterskluwer.nl.

**4.13**

Voor zover het bezwaar van Convex zich richt tegen de wijze van verhoor in Amerika, dan verdient opmerking dat ook bij een door de Nederlandse rechter verzochte (rogatoire) commissie de ondervraging volgens het Amerikaanse recht geschiedt. In beginsel vindt een dergelijk verhoor plaats door een advocaat/advocaten in het bijzijn van een daartoe benoemde court reporter, tenzij een speciale vorm (bijvoorbeeld verhoor door de rechter) wordt voorgeschreven. Daarin wordt een aanwijzing gevonden dat de Amerikaanse verhoorwijze, waarbij ook het gebruik van zogenoemde 'cross examination' en 'leading questions' mogelijk is, niet per definitie in strijd komt met fundamentele regels van het Nederlands procesrecht.

**4.14**

Convex heeft voorts gesteld dat, door misbruik te maken van de Amerikaanse methoden van bewijsvergaring, zonder de Nederlandse processuele regels in acht te nemen, waar dezelfde methoden van bewijsgaring niet ter beschikking van haar, Convex, staan, Duizendstraal c.s. een onevenredig groot processueel voordeel beogen te halen en dat zij derhalve in strijd met het gelijkheidsbeginsel handelen. Ook deze stelling van Convex wordt verworpen, en zulks reeds op de grond dat zij niet heeft gesteld welke informatie zij van Duizendstraal c.s. wenst te verkrijgen.

**4.15**

Ook overigens zijn niet zodanige feiten en omstandigheden aannemelijk geworden dat de handelingen van Duizendstaal c.s. anderszins jegens Convex onrechtmatig doen zijn.

**4.16**

Het vorenstaande leidt tot de conclusie dat de door Convex gevraagde voorzieningen dienen te worden geweigerd.

Convex zal, als de in het ongelijke gestelde partij, in de kosten van dit geding worden veroordeeld.

**5**

De beslissing

De president:

Weigert de gevraagde voorzieningen.

Veroordeelt Convex in de kosten van dit geding, tot aan deze uitspraak aan de zijde van Duizendstraal c.s. begroot op ƒ 1500 voor salaris van hun procureur en op ƒ 330 voor verschotten.

Verklaart deze kostenveroordeling uitvoerbaar bij voorraad.

(Hoger beroep ingesteld; red.)

Alle (auteurs-)rechten op dit document berusten bij Wolters Kluwer Nederland B.V. of haar licentiegevers en worden uitdrukkelijk voorbehouden. Tekst- en datamining niet toegestaan. Dit document is gegenereerd op 22.04.2025. Kijk voor meer informatie over de diensten van Wolters Kluwer op www.wolterskluwer.nl.